**38**

**Don BURCHETT et al., Appellants,**

v.

**Joseph HOWELL, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

Rehearing Denied Feb. 7, 1958.

H. R. Wilhoit, Grayson, for appellants.

O. F. Duval, Olive Hill, for appellee.

**CAMMACK, Judge.**

This action to quiet title to a small strip of land of a stipulated value in excess of $2,500 was instituted by the appellants, Don Burchett and Ethel Burchett, his wife, against the appellee, Joseph Howell. Both parties claim title to the land by deed. The calls in the deed of the appellee include the land in controversy and will close. The course and distance call in the appellants' deed appears to include the land in controversy but will not close; however, they rely on a so-called "natural object" call. This appeal is from the judgment of the trial court awarding title and quiet possession of the land to the appellee.

The appellants contend that (1) the boundary of their property is fixed by monuments or natural objects; and (2) the fact that the calls will not close in respect to courses and distances is of no importance, since courses and distances must yield to monuments. The appellee claims that the monument upon which the appellants rely is not in existence, and since his own courses and distances calls will close and theirs will not, theirs must yield to his.

A service tree is an agreed corner between the two properties. The call in the appellants' deed for the south boundary of his land past the church lot corner is "to the County road; thence with the County road No. 66, East 36 rods to the sarvice on the Banks of Tygarts Creek." The old county road has been abandoned for thirty years or more. There is conflict in the evidence as to whether the course of the old county road can be established now. The appellee has owned his land since 1918, and the appellants have owned theirs since 1928. The evidence is conflicting as to who has used and given permission to use the disputed tract.

The trial court found that the course of the old county road could not be established and ruled that the disputed strip

of land was included in the appellee's deed. We have said that when the important monument in a description is an old county road, the true location of which can not be determined, the party relying on that description fails to locate the property. Newman v. Sharp, Ky., 248 S.W.2d 413.

 We are not prepared to say that the finding of the trial court on which the judgment was based was clearly erroneous. CR 52.01.

Judgment affirmed.